UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60845-Civ-SCOLA

ERIC FERRIER d/b/a IDIGITALTEK,

    Plaintiff,

v.

NORTH SAILS GROUP LLC,
BEN MITCHELL, KEN READ,
GEOFFREY LONGENECKER,
and CELINE BANDELAC,

    Defendants.

_____/

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

THIS MATTER is before the Court under independent review of the record on Plaintiff Eric Ferrier's *Pro Se* Complaint. (ECF No. 1.) Based on the Complaint and the Summonses (ECF No. 3), there is a lack of complete diversity of citizenship. For reasons explained in this Order, the Plaintiff's Complaint is dismissed without prejudice because this Court lacks subject matter jurisdiction over this matter.

Plaintiff Eric Ferrier, a Florida resident, brought this action *pro se* against Defendants North Sails Group L.L.C. ("North Sails"), Ben Mitchell, Ken Read, Vice President of North Sails, Geoffrey Longenecker, and Celine Bandelac, raising claims of defamation, tortious interference with business relationship, trade libel, unjust enrichment and promissory estoppel, civil theft and employment whistleblower and retaliation. The Complaint alleges that this Court "has jurisdiction over the claims pursuant to 28 U.S.C. § 1332; the parties to this matter are citizens of different states and the matter in controversy [sic] the sum of $75,000, exclusive of interest and costs." (Compl. ¶ 1, ECF No. 1.)

Before proceeding to the substantive issues of the Complaint, the Court must determine whether it has subject matter jurisdiction. *See OFS Fitel, LLC v. Epstein, Becker and Green, P.C.,* 549 F.3d 1344, 1352-53 (11th Cir. 2008). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the complaint. *See* Fed. R. Civ. P. 12(h)(3). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed.

*Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). When determining whether to dismiss, the allegations of a complaint and attachments are taken as true and are construed in the light most favorable to the plaintiff. *Pileage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). "However, the leniency afforded *pro se* litigants does not give courts license to serve as *de facto* counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 717 n.3 (11th Cir. 2011). *Pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

"A pleading that states a claim for relief must contain a short plain statement of the grounds for the court's jurisdiction." Fed R. Civ. P. Rule 8(a)(1). Here, Ferrier asserts that the Court has jurisdiction based on diversity of citizenship and amount in controversy, under 28 U.S.C. 1332 (2006). (Compl. ¶ 1 ECF No. 1.) District courts have original jurisdiction over all civil actions in which the matter in controversy exceeds $75,000.00 in value and is between citizens of different States. 28 U.S.C. § 1332(a)(1) (2006). Diversity must be complete, meaning that every plaintiff must be diverse from every defendant. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). The party commencing suit in federal court – in this case, Ferrier – has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).

Ferrier's Complaint does not, on its face, state the location of citizenship of the individual defendants. However, the Summonses, filed by Ferrier, identify two out of the five Defendants as citizens of Florida. (Summonses, ECF No. 3.) Therefore, because the Complaint alleges subject matter jurisdiction exists based solely on diversity of citizenship, and diversity is not complete, the Court lacks federal jurisdiction over the complaint. *Bel-Bel Intern. Corp. v. Community Bank of Homestead*, 162 F.3d 1101 (11th Cir. 1998) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806)) ("Diversity jurisdiction requires that the plaintiff be a citizen of a state (or nation) different from that of any of the defendants.").

Although Ferrier is clear that his lawsuit is based on diversity jurisdiction, because of his *pro se* status, this Court has reviewed each of his claims to determine whether federal question jurisdiction may be present. It is not. In his seven-count Complaint, Ferrier raises claims of defamation, tortious interference with business relationship, trade libel, unjust enrichment and

promissory estoppel, civil theft and employment whistleblower and retaliation. None of Ferrier's claims are federal claims.

In Count I claiming defamation, Ferrier asserts that in posting allegedly false statements online, Defendants injured Ferrier by harming his reputation and goodwill. (Compl. ¶ 27, ECF No. 1.) Defamation is a state law claim. *See Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10-21105, 2011 WL 3648267 at \*7 (S.D. Fla. Aug. 15, 2011) (citing *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1106 (Fla. 2008)).

In Count II claiming tortious interference with business relationships, Ferrier alleges that the Defendants illegitimately intercepted his electronic private and business mail, (Compl. ¶ 32), and have provided unsolicited references to various parties including potential clients and employers (Compl. ¶ 34). Ferrier alleges that through this conduct the Defendants tortuously interfered with his business relationships. (Compl. ¶¶ 35-36.) Tortious interference with business relationships is a state law claim. *See Int'l Sales & Serv., Inc. v. Austral Insulated Products, Inc.*, 262 F.3d 1152, 1154-55 (11th Cir. 2001).

In Count III claiming "Trade Libel," Ferrier alleges that Defendants caused injurious, unsolicited and false statements to be believed by many of Ferrier's prospective clients or employers. (Compl. ¶ 40.) Ferrier further alleges that the Defendants knew or should have known that the statements would likely influence prospective clients of iDigitalTek to not engage in a business relationship with iDigitaltek. (*Id.* ¶ 42.) Under Florida law, a claim of defamation encompasses both libel and slander. *See Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 n.11 (S.D. Fla. 2006). Therefore, like Courts I and II, Count III is a state law claim.

In Count IV Ferrier claims entitlement to relief based on promissory estoppel and "quantum and merrit," otherwise known as *quantum meruit* or unjust enrichment. Ferrier alleges that Defendants Ken Read and North Sails benefitted from Ferrier's referral of Puma as a potential sponsor and that reasonable persons receiving such benefit normally would expect to pay for it. (Compl. ¶ 51.) Again, a claim for unjust enrichment is a state law claim. *See Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999). A claim based on promissory estoppel is also a state law claim. *See Alday v. Container Corp. of Am.*, 906 F.2d 660, 666 (11th Cir. 1990).

In Count V claiming civil theft, Ferrier alleges that intangible properties have been obtained by Defendants through "improper means" including misrepresentation, breach or inducement of a breach of a fiduciary duty to maintain secrecy, or espionage through electronic or other means.

(Compl. ¶ 60.) Ferrier's claim for civil theft is a state law claim. (Compl. ¶¶ 59-60; *see also* Fla. Stat. § 772.11 (2011)).

In Count VI claiming employment whistleblower and retaliation, Ferrier alleges he was the victim of sexual harassment by a North Sails' "affluent client," (Compl. ¶ 65) and suffered unfair and discriminative labor practices (Compl. ¶ 67). Although the labels used in this Count (*e.g.*, "sexual harassment," "discriminative labor practices") could potentially fall within federal question jurisdiction, Ferrier has not articulated enough facts to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Ferrier's allegations in Count VI are comprised of a confusing unconnected series of alleged acts against numerous named Defendants and unnamed individuals. (Compl. ¶¶ 65-73.) Accordingly, this Court determines that Ferrier's claims under Count VI fail to state a claim upon which relief may granted, regardless of whether brought under federal or state law.

In Count VII, titled "Breach of Fiduciary Duties," Ferrier alleges that intangible properties have been obtained by Defendants through "improper means" including misrepresentation, breach or inducement of a breach of a fiduciary duty to maintain secrecy, or espionage through electronic or other means such as the confidence of a pseudo privileged attorney client relationship. (Compl. ¶ 78.) Ferrier makes clear that the fiduciary duty he alleges the Defendants breached arose under Florida Statute. (Compl. ¶ 78; *cf. also Amerifirst Bank v. Bomar*, 757 F. Supp. 1365, 1373-74 (S.D. Fla. 1991).)

Having reviewed the Complaint (ECF No. 1), the Plaintiffs' Summons (ECF No. 3), and the relevant legal authorities, this Court finds that complete diversity is lacking and thus the Court does not have subject matter jurisdiction over the Complaint. *See* 28 U.S.C. § § 1331, 1332. Accordingly, the Complaint (ECF No. 1) is dismissed without prejudice. The Plaintiff's Petition for Temporary Injunction (ECF No. 5) is denied as moot. The Clerk of the Court shall close this case.

**DONE and ORDERED** in chambers, at Miami, Florida, on May 22, 2012.

_____
ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

*Copies to*:
Eric Ferrier, *pro se*